110 T.C. No. 13


UNITED STATES TAX COURT


PRISCILLA M. LIPPINCOTT ADAMS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 15535-96, 3437-97.        Filed March 3, 1998.

    P contends that, pursuant to the Religious Freedom
Restoration Act of 1993, she is exempt from Federal
income taxes. Held: RFRA does not exempt petitioner
from Federal income taxes.


Peter Goldberger and James H. Feldman, Jr., for petitioner.

Linda A. Love, for respondent.


OPINION


    FOLEY, Judge: Respondent determined the following
deficiencies in and additions to petitioner's Federal income
taxes:

|       |            | Additions to tax |            |
|-------|------------|------------------|------------|
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6654  |
| 1988  | $2,111     | $522             | $134       |
| 1989  | 3,091      | 273              | ---        |
| 1992  | 3,364      | 160              | ---        |
| 1993  | 3,489      | 226              | ---        |
| 1994  | 3,543      | 199              | 25         |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are as follows:

1. Whether, pursuant to the Religious Freedom Restoration Act of 1993, petitioner is exempt from Federal income taxes. We hold that she is not.

2. Whether petitioner is liable for additions to tax for failure to file Federal income tax returns and failure to make estimated tax payments. We hold that she is.

The facts have been fully stipulated under Rule 122 and are so found. Petitioner resided in Willingboro, New Jersey, at the time she filed her petition.

Petitioner is a devout Quaker and a member of the Religious Society of Friends, a Quaker organization. Petitioner adheres to the fundamental tenets of Quaker theology, including the belief that the Spirit of God is in every person and that it is wrong to kill or otherwise harm another person. Petitioner's faith dictates that she not voluntarily participate, directly or

indirectly, in military activities. Because Federal income taxes fund military activities, petitioner believes that her faith prohibits her from paying such taxes.

Petitioner contends that, pursuant to the Religious Freedom Restoration Act of 1993 (RFRA), Pub. L. 103-141, sec. 2, 107 Stat. 1488, 42 U.S.C. sec. 2000bb to 2000bb-4 (1994), she is exempt from Federal income taxes. RFRA was enacted in response to Employment Div., Dept. of Human Resources v. Smith, 494 U.S. 872 (1990). In Smith, the Supreme Court held that neutral, generally applicable laws may be applied to religious practices even when not supported by a compelling governmental interest. Before Smith, the Government had to demonstrate that the application of such laws to religious practices was "essential to accomplish an overriding governmental interest," or represented "the least restrictive means of achieving some compelling state interest". Employment Div., Dept. of Human Resources v. Smith, supra at 899 (O'Connor, J., concurring in judgment). In City of Boerne v. Flores, 521 U.S. ___, 117 S. Ct. 2157 (1997), the Supreme Court held that RFRA was unconstitutional as applied to State and local governments. The Court, however, has not determined, and the parties do not contend, that RFRA is unconstitutional as applied to Federal law.

RFRA restores the compelling interest test by prohibiting the Government from imposing a substantial burden on the free

exercise of religion unless it demonstrates that application of the burden is the least restrictive means of achieving a compelling governmental interest.  RFRA, 42 U.S.C. sec. 2000bb-1(b) (1994); S. Rept. 103-111, at 8, 1993 U.S.C.C.A.N. 1892, 1898.  The legislative history accompanying RFRA explicitly states that, in evaluating whether the Government has met the compelling interest test, cases decided prior to Smith are applicable, and the test "should not be construed more stringently or more leniently than it was prior to Smith."  S. Rept. 103-111, at 8-9 (1993), 1993 U.S.C.C.A.N. 1892, 1898.

Prior to Smith, the Supreme Court repeatedly held that neutral, generally applicable tax laws meet the compelling interest test.  See, e.g., Hernandez v. Commissioner, 490 U.S. 680, 699-700 (1989) (stating that the Government had a "broad public interest in maintaining a sound tax system free of myriad exceptions flowing from a wide variety of religious beliefs"); United States v. Lee, 455 U.S. 252, 258-259 (1982) (holding that the Government's "very high" interest in maintaining a comprehensive Social Security system justified denying an Amish employer an exemption from Social Security taxes); see also S. Rept. 103-111 at 5 n.5, 1993 U.S.C.C.A.N. at 1895 (citing the aforementioned decisions).  In United States v. Lee, the Supreme Court stated:

> The tax system could not function if denominations were
> allowed to challenge the tax system because tax

> payments were spent in a manner that violates their religious belief.  Because the broad public interest in maintaining a sound tax system is of such high order, <u>religious belief in conflict with the payment of taxes affords no basis for resisting the tax</u>.  [<u>Id.</u> at 260; citations omitted; emphasis added.]

Thus, while petitioner's religious beliefs are substantially burdened by payment of taxes that fund military expenditures, the Supreme Court has established that uniform, mandatory participation in the Federal income tax system, irrespective of religious belief, is a compelling governmental interest.  See <u>id.</u>; <u>Hernandez v. Commissioner</u>, <u>supra</u>.  As a result, requiring petitioner's participation in the Federal income tax system is the only, and thus the least restrictive, means of furthering the Government's interest.  Cf. <u>Steckler v. United States</u>, No. Civ. A. 96-1054, 1998 WL 28235 (E.D. La., Jan. 26, 1998) (relying on <u>United States v. Lee</u> to hold that withholding pursuant to section 3406 was the least restrictive means of furthering the compelling governmental interest of ensuring that all citizens participate in the tax system).  Therefore, we hold that RFRA does not exempt petitioner from Federal income taxes.  Accordingly, we sustain respondent's determinations.  Cf. <u>Babcock v. Commissioner</u>, T.C. Memo. 1986-168 (upholding additions to tax for failure to file and failure to make estimated tax payments where a Quaker taxpayer claimed a religious exemption from Federal income taxes).

To reflect the foregoing,

Decisions will be entered
for respondent.