T.C. Memo. 1998-280

UNITED STATES TAX COURT

JAMES LOGAN CLARK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18556-97.                    Filed August 3, 1998.

James Logan Clark, pro se.

<u>Deanna R. Kibler</u>, for respondent.


MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  This case was fully stipulated under Rule 122 and was submitted pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for 1995 in the amount of $1,395.

The issue presented by petitioner is whether various provisions of sections 86 and 6013 are unfair and unconstitutional.

The facts have been fully stipulated. The stipulations of fact and the accompanying exhibits are incorporated herein by this reference. Petitioner resided in Bonne Terre, Missouri, at the time the petition was filed in this case.

Petitioner and his former wife, Shirley Clark (Ms. Clark), separated in September 1995 and began living apart at that time. They were divorced in March 1996. Despite petitioner's requests, Ms. Clark refused to file a joint Federal income tax return with him for 1995.

Petitioner received Social Security benefits in the amount of $11,064 during 1995. He timely filed his 1995 return, claiming the filing status of married filing separately. On his return, he reported the full amount of his Social Security benefits for 1995 on line 13a. He did not, however, include any of his Social Security benefits in gross income on line 14.

In the statutory notice of deficiency, respondent determined that $9,404 of petitioner's Social Security benefits must be included in his gross income. Petitioner does not contest this adjustment made by respondent pursuant to the provisions of section 86. Rather, he argues that section 86(c)(1)(C) and

(2)(C), which establishes, for purposes of calculating the taxable amount of his Social Security benefits, a "base amount" and an "adjusted base amount" of zero for taxpayers who were married and lived together during the taxable year but did not file jointly, and section 6013, which allows Ms. Clark to unilaterally decide whether or not to file a joint return with him, are unfair and unconstitutional.

After reviewing the record, we find that respondent properly determined that $9,404 of petitioner's Social Security benefits for 1995 must be included in his gross income under section 86. The record does not show that petitioner and Ms. Clark were legally separated under a decree of divorce or of separate maintenance by the end of 1995. Sec. 7703(a)(2). Petitioner also stipulated that they lived together until September 1995. Consequently, since petitioner did not file a joint return with Ms. Clark for 1995, his "base amount" and his "adjusted base amount" are both zero. Sec. 86(c)(1)(C) and (2)(C); Rafter v. Commissioner, T.C. Memo. 1991-349.

As we informed petitioner at trial, this Court is one of limited jurisdiction, and we must apply the laws as written by Congress. There is no provision in the Internal Revenue Code which requires an individual taxpayer such as Ms. Clark to file a joint return, which would make her jointly and severally liable for the Federal income tax due on petitioner's individual income. Sec. 6013(d)(3). With respect to the effect that Ms. Clark's refusal to file jointly with petitioner has on the taxability of

his Social Security benefits, we do not have the authority to disregard the express provisions of a statute enacted by Congress even where the result in a particular case may seem harsh. See, e.g., Everage v. Commissioner, T.C. Memo. 1997-373.

In essence, petitioner questions the fairness of section 86. However, this is not the proper forum to question the policy considerations that impelled the enactment of this legislation. "Normally, a legislative classification will not be set aside if any state of facts rationally justifying it is demonstrated to or perceived by the courts." United States v. Maryland Savings-Share Ins. Corp., 400 U.S. 4, 6 (1970). The legislative history of section 86, as enacted by the Social Security Amendments of 1983, Pub. L. 98-21, sec. 121(a), 97 Stat. 80, demonstrates that Congress had a valid and rational basis for establishing a base amount of zero for married taxpayers who lived with their spouse for any part of the taxable year and file separate returns:

> The base amount is * * * zero in the case of a married individual filing a separate return, unless he or she lived apart from his or her spouse for the entire taxable year; * * *

> The base amount is zero for married individuals filing separate returns because the committee believes that the family should be treated as an integral unit in determining the amount of social security benefit that is includible in gross income under this provision. If the base amount for these individuals were higher, couples who are otherwise subject to tax on their benefits and whose incomes are relatively equally divided would be able to reduce substantially the amount of benefits subject to tax by filing separate returns. [S. Rept. 98-23, at 27 (1983), 1983-2 C.B. 326, 328.]

Congress carried forward this rationale when it amended section 86 for 1994 and succeeding taxable years and established an adjusted base amount of zero for married taxpayers who file separate returns and do not live apart for the entire taxable year.  Omnibus Budget Reconciliation Act of 1993, Pub. L. 103-66, sec. 13215(b), 107 Stat. 312, 476.

Petitioner argues that the legislative history quoted above shows that Congress did not intend to eliminate the Social Security "tax base" of taxpayers such as himself and Ms. Clark because his income for 1995 was five times greater than her income for 1995.  We recognize that "'No scheme of taxation, whether the tax is imposed on property, income, or purchases of goods and services, has yet been devised which is free of all discriminatory impact.'"  Druker v. Commissioner, 77 T.C. 867, 872 (1981) (quoting San Antonio Indep. Sch. Dist. v. Rodriquez, 411 U.S. 1, 41 (1973)), affd. in part on this issue and revd. in part on another issue 697 F.2d 46 (2d Cir. 1982).  There is simply no statutory exception to the plain language of section 86(c)(1)(C) and (2)(C).  We hold that sections 86 and 6013 do not suffer any constitutional infirmities and sustain respondent's determination in this case.  See Roberts v. Commissioner, T.C. Memo. 1998-172.

To reflect the foregoing,

Decision will be entered

for respondent.