T.C. Memo. 2004-267

UNITED STATES TAX COURT

JOE SHELBY GRIFFITH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18161-02L.              Filed November 22, 2004.

Joe Shelby Griffith, pro se.

<u>Jeffrey C. Venzie</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner
seeks review of respondent's determination to proceed with
collection of his 1988 and 1989 tax liabilities.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Milmay, New Jersey.

Petitioner is a habitual nonfiler. In addition to several other years, petitioner did not file income tax returns for 1988 or 1989. In separate notices of deficiency, respondent determined: (1) Deficiencies of $8,174 and $1,616 for 1988 and 1989, respectively; (2) additions to tax pursuant to section 6651(a) of $1,646 and $276.25 for 1988 and 1989, respectively; and an addition to tax pursuant to section 6654(a) of $409.39 for 1988. Petitioner did not receive the notices of deficiency for 1988 and 1989. On May 2, 1994, respondent assessed the aforementioned amounts and interest.

On or about May 6, 2002, respondent sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing for 1988 and 1989. On May 30, 2002, petitioner sent respondent a Form 12153, Request for a Collection Due Process Hearing (hearing request). In the hearing request, petitioner claimed he was unemployed during 1988 and 1989, he owed no tax for 1988 and 1989, and that the period of limitations on collection for 1988 and 1989 had expired.

In August 2002, Appeals Officer Judith Hornstein was assigned to petitioner's collection case.  Ms. Hornstein sent petitioner a letter scheduling a hearing for October 8, 2002. Petitioner did not attend the hearing.

On October 8, 2002, Ms. Hornstein wrote to petitioner and again offered him the opportunity to meet with her.  On October 9, 2002, petitioner wrote Ms. Hornstein that because issues of religion and conscience would not be considered at the hearing he saw no point in attending the hearing.  On October 23, 2002, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy.

In his petition, petitioner contended that the 10-year period of limitations for collection for 1988 and 1989 had expired and challenged the deficiencies and additions to tax for 1988 and 1989 on moral and religious grounds.

                              OPINION

Respondent concedes that petitioner did not receive the notices of deficiency for 1988 or 1989 and that he is entitled to contest the underlying tax liability for 1988 and 1989. Accordingly, we review petitioner's underlying tax liability for 1988 and 1989.  Goza v. Commissioner, 114 T.C. 176 (2000).  If the underlying tax liability is properly at issue, we review that issue on a de novo basis.  Sego v. Commissioner, 114 T.C. 604,

610 (2000); Goza v. Commissioner, supra at 181. We review the remainder of respondent's determination for an abuse of discretion. Sego v. Commissioner, supra.

Petitioner challenged the tax and additions to tax on moral and religious grounds. This argument is without merit. Adams v. Commissioner, 170 F.3d 173 (3d Cir. 1999), affg. 110 T.C. 137 (1998). Petitioner otherwise conceded that the amounts determined in the notices of deficiency are correct.

For the first time at trial, petitioner argued that respondent did not mail the notices of deficiency to petitioner's last known address. Generally, we do not consider an issue that is raised for the first time at trial. See Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975). Additionally, petitioner was aware of this issue before filing an amendment to petition. Petitioner, however, chose not to amend the petition to raise this issue. Thus, we do not consider it.

Petitioner also claimed that the period of limitations for collection for 1988 and 1989 expired. We disagree. Tax may be collected by levy if the levy is made within 10 years after the assessment of the tax. Sec. 6502(a)(1). If a hearing is requested under section 6330(a)(3)(B), the levy actions which are the subject of the requested hearing and the running of any period of limitations under section 6502 are suspended for the

period during which the hearing and appeals thereof are pending. Sec. 6330(e)(1).

The deficiencies and additions to tax for 1988 and 1989 were assessed on May 2, 1994. These assessments were timely because, in light of petitioner's failure to file returns for these years, pursuant to section 6501(c)(3) respondent could assess the taxes for 1988 and 1989 at any time. Respondent sought to levy on petitioner's property on or about May 6, 2002--well within the 10-year period of limitations. On May 30, 2002, the period of limitations on collection for 1988 and 1989 was suspended by petitioner's hearing request. Sec. 6330(e)(1). The period of limitations on collection for 1988 and 1989 remains suspended during this proceeding. Id. Accordingly, the period of limitations on collection for 1988 and 1989 has not expired.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. See Rule 331(b)(4).

To reflect the foregoing,

Decision will be entered for respondent.