T.C. Summary Opinion 2006-85


UNITED STATES TAX COURT



JANINE H. HANSEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 9861-05S.                    Filed May 23, 2006.



    Janine H. Hansen, pro se.

    David W. Sorensen, for respondent.



    FOLEY, Judge:  This case was heard pursuant to the

provisions of section 7463[1] of the Internal Revenue Code in

effect when the petition was filed.  The decision to be entered

_____

    [1] Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority. The issues for decision are whether petitioner is liable for tax relating to unreported income and for the section 6651(a)(1) and (2) additions to tax relating to 2000, 2001, and 2002.

## Background

Petitioner is the president of the State of Nevada Eagle Forum, a State chapter of the National Eagle Forum. In 2000, 2001, and 2002, petitioner annually received $6,000 of non-employee compensation from a foundation associated with the National Eagle Forum (the foundation), yet petitioner did not file tax returns relating to those years. In a notice of deficiency dated April 5, 2005, respondent determined that petitioner is liable for tax deficiencies totaling $2,544, section 6651(a)(1) additions to tax for failure to file a return, and section 6651(a)(2) additions to tax for failure to timely pay taxes relating to 2000, 2001, and 2002. At trial, on January 30, 2006, respondent moved for the imposition of a section 6673(a)(1) penalty.

On May 31, 2005, petitioner, while residing in Sparks, Nevada, filed her petition.

## Discussion

Petitioner concedes that she received income and failed to report the amounts determined by respondent. Petitioner

contends, however, that she is not liable for tax on these payments because of her religious beliefs. The Supreme Court has held that "Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting the tax." United States v. Lee, 455 U.S. 252, 260 (1982); see also Adams v. Commissioner, 110 T.C. 137 (1998), affd. 170 F.3d 173 (3d Cir. 1999). Accordingly, petitioner is liable for the tax relating to the payments from the foundation. See sec. 61(a).

Respondent bears, and has met, the burden of production with respect to the section 6651(a)(1) and (2) additions to tax. See sec. 7491(c); Rule 142(a). Petitioner does not meet the requirements of any exception to section 6651(a)(1) or (2). Accordingly, respondent's determinations are sustained. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Respondent contends that petitioner's position is frivolous and that, pursuant to section 6673(a)(1), the Court should impose a penalty on petitioner. We, however, conclude that it is not appropriate to impose such a penalty in this case.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

An appropriate order and decision will be entered.