T.C. Memo. 2021-2

UNITED STATES TAX COURT

PATRICK C. KELLEY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20451-17.                     Filed January 11, 2021.

Patrick C. Kelley, pro se.

<u>Emile L. Hebert III</u> and <u>Susan S. Canavello</u>, for respondent.

MEMORANDUM OPINION

COPELAND, <u>Judge</u>:  In a notice of deficiency dated August 21, 2017, the

Internal Revenue Service (IRS or respondent) determined a $3,750 deficiency in

Patrick Kelley's Federal income tax for 2014.  The sole issue for decision is

[*2] whether the provisions of section 86(c)[1] violated Mr. Kelley's right to due process and equal protection under the U.S. Constitution.[2]

Background

This case was fully stipulated in accordance with Rule 122. The stipulated facts are found accordingly. When Mr. Kelley timely filed his petition, he resided in Louisiana.

During 2014 Mr. Kelley was married to and resided with Gwendolyn T. Kelley. Before their marriage Mr. and Mrs. Kelley executed and recorded an agreement electing, under Louisiana law, a Separate Property Matrimonial Regime. In 2014 Mr. Kelley received $20,646 of Social Security benefits. He timely filed his Form 1040, U.S. Individual Income Tax Return, selecting the married filing separately filing status. On that return he did not report any of the Social Security benefits received on line 20a, "Social Security benefits," or

---

[1]All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. All dollar amounts are rounded to the nearest dollar.

[2]Petitioner raises various other constitutional arguments. They are the types of arguments we will not painstakingly address "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

**[*3]** elsewhere, and he reported $0 received on line 20b, "Taxable amount." On the basis of his 2014 overall income his modified adjusted gross income for purposes of section 86(b)(2) was $41,891.

In its examination of Mr. Kelley's 2014 tax return, the IRS questioned whether he had correctly reported the taxable portion of his Social Security benefits under section 86. The IRS determined that the modified and taxable portion of his Social Security benefits was 85% of $20,646, i.e., $17,549, and that this amount should have been included in his gross income.

On August 21, 2017, the IRS timely mailed to Mr. Kelley the notice of deficiency.

## Discussion

I.    Overview of Section 86

The legislative history of section 86 can shed some light on the complexity of the formula involved in this case. Originally, Social Security benefits were treated as nontaxable income. Rev. Rul. 70-217, 1970-1 C.B. 12. However, Congress determined that the "policy for excluding all social security benefits from a recipient's gross income is inappropriate." S. Rept. No. 98-23, at 25 (1983), 1983-2 C.B. 326, 328. Consequently, Congress enacted section 86 in 1983 reasoning that "social security benefits are in the nature of benefits received

**[*4]** under other retirement systems"; therefore, like the benefits received under these other retirement systems, Social Security benefits should be taxable. Id. In determining this initial taxable amount Congress considered taxing only a portion of Social Security benefits, "up to one-half of benefits in excess of a certain base amount." Id. at 26, 1983-2 C.B. at 328. This "base amount" was to ensure that "lower-income individuals, many of whom rely upon their benefits to afford basic necessities, will not be taxed on their benefits." Id. Congress further amended the statute in 1993 and increased the amount includable in gross income to as high as 85% of Social Security benefits received. Omnibus Budget Reconciliation Act of 1993 (OBRA), Pub. L. No. 103-66, sec. 13215(a) and (b), 107 Stat. at 475-476. More specifically, Congress made this change in order to "more closely conform the income tax treatment of Social Security benefits and private pension benefits by increasing the maximum amount of Social Security benefits included in gross income for certain higher-income beneficiaries." H.R. Rept. No. 103-111, at 654 (1993), 1993-3 C.B. 163, 225. Congress wanted to address inequities and thereby treat "all income in a more similar manner." Id. Consequently, Congress introduced the "adjusted base amount" as a way to "limit the effect of this provision to taxpayers with a greater ability to pay taxes." Id. As a result, higher earners are subject to a higher rate of tax if their modified adjusted gross income

[*5] plus one-half of Social Security benefits exceeds the "adjusted base amount." Sec. 86(b). Generally, "[s]ection 86 requires the inclusion in gross income of up to 85 percent of Social Security benefits received." Reimels v. Commissioner, 123 T.C. 245, 247 (2004) (emphasis added).

Thus, section 86 lays out a two-part formula to determine the portion of Social Security benefits includable in gross income, if any. Specifically, the formula uses a "base amount" and an "adjusted base amount" to determine the taxable portion of Social Security benefits as follows:

> SEC. 86(c). Base Amount and Adjusted Base Amount.-- For purposes of this section--
>
> (1) Base amount.--The term "base amount" means--
>
> (A) except as otherwise provided in this paragraph, $25,000,
>
> (B) $32,000 in the case of a joint return, and
>
> (C) zero in the case of a taxpayer who--
>
> (i) is married as of the close of the taxable year (within the meaning of section 7703) but does not file a joint return for such year, and
>
> (ii) does not live apart from his spouse at all times during the taxable year.
>
> (2) Adjusted base amount.--The term "adjusted base amount" means--

**[*6]**                        (A) except as otherwise provided in this paragraph, $34,000,

(B) $44,000 in the case of a joint return, and

(C) zero in the case of a taxpayer described in paragraph (1)(C).

Relevant here is that paragraphs (1) and (2) of section 86(c) establish a "base amount" and an "adjusted base amount" of zero for taxpayers who filed separately but were married and lived together during the taxable year.

Mr. Kelley does not contest the adjustments made by the IRS pursuant to section 86; he questions the fairness. Mr. Kelley argues that he has been denied due process and equal protection under the Fourteenth Amendment to the Constitution[3] because the application of his filing status as married filing separately is discriminatory. He argues that his base income should be one-half of the joint return amount (i.e., it should be $16,000), and that Congress did not have

---

[3]Mr. Kelley bases his claim on the Due Process and Equal Protection Clauses of the Fourteenth Amendment, which explicitly apply to State laws, not Federal. The Fifth Amendment has an identical Due Process Clause that applies to Federal laws, but not a specific Equal Protection Clause. However, the Supreme Court has repeatedly held that the Fifth Amendment "Due Process Clause imposes on the Federal Government requirements comparable to those that the Equal Protection Clause of the Fourteenth Amendment imposes on the states." Regan v. Taxation With Representation of Wash., 461 U.S. 540, 542 n.2 (1983) (citing Schweiker v. Wilson, 450 U.S. 221, 226 n.6 (1981)).

**[*7]** a rational basis in making this distinction between classes of married persons. His position has no merit for the reasons below.

II.    Jurisdiction

This Court is one of limited jurisdiction.  Estate of Wenner v. Commissioner, 116 T.C. 284, 286 (2001).  However, we do have jurisdiction to decide constitutional issues raised that Congress authorizes us to consider.  See sec. 7442; see also Cupp v. Commissioner, 65 T.C. 68, 84 (1975), aff'd, 559 F.2d 1207 (3d Cir. 1977); Hawkins v. Commissioner, T.C. Memo. 2003-181.  The constitutional issues in this case arise out of the definition of the taxable portion of Social Security benefits under section 86, and therefore, we have jurisdiction to review this constitutional matter.

III.    Constitutionality of Section 86

Generally, statutory "classifications are valid if they bear a rational relation to a legitimate governmental purpose.  Statutes are subjected to a higher level of scrutiny if they interfere with the exercise of a fundamental right, such as freedom of speech, or employ a suspect classification, such as race."  Regan, 461 U.S. at 547.  Here, the different tax exemption amounts based on filing status are not at all like distinctions based on race; here there are no fundamental rights involved. "Legislatures have especially broad latitude in creating classifications and

[*8] distinctions in tax statutes." Id. Generally, a legislative classification does not violate due process or equal protection principles if any state of facts rationally justifying it is demonstrated to or perceived by the courts. United States v. Md. Savings-Share Ins. Corp. 400 U.S. 4, 6 (1970).

This Court has consistently upheld the constitutionality of section 86. McAdams v. Commissioner, 118 T.C. 373, 379 (2002); Thomas v. Commissioner, T.C. Memo. 2001-120; Clark v. Commissioner, T.C. Memo. 1998-280, 76 T.C.M. (CCH) 219 (1998), aff'd without published opinion, 187 F.3d 641 (8th Cir. 1999); Roberts v. Commissioner, T.C. Memo 1998-172, aff'd without published opinion, 182 F.3d 927 (9th Cir. 1999).

As discussed supra pp. 3-4, Congress enacted section 86 to more closely align the treatment of Social Security benefits and benefits under other retirement systems but also to protect lower earning taxpayers by establishing a "base amount." Because of this "base amount" Congress realized there was potential for inequities for taxpayers electing the married filing separate filing status. In H.R. Rept. No. 98-25, at 25 (1983), 1983 U.S.C.C.A.N. 219, 243, and S. Rept. No. 98-23, supra at 27, 1983-2 C.B. at 328, Congress explained:

> The base amount is zero for married individuals filing separate returns because the committee believes that the family should be treated as an integral unit in determining the amount of social security

[*9] benefit that is includible in gross income under this provision. If the base amount for these individuals were higher, couples who are otherwise subject to tax on their benefits and whose incomes are relatively equally divided would be able to reduce substantially the amount of benefits subject to tax by filing separate returns.

Accordingly, Congress reasoned that married couples should be treated as a unit to prevent windfalls to couples that might otherwise file separate returns. This reasoning demonstrates that Congress had a valid and rational basis for establishing a separate classification for a taxpayer who lived with a spouse for any part of the taxable year and filed a separate return.

Furthermore, as discussed supra pp. 3-4, when Congress amended section 86 in 1993 as part of OBRA sec. 13215(a) and (b), it wanted to further align the treatment of Social Security benefits, specifically for higher earner taxpayers. In addressing these inequities Congress had the opportunity to change the classification regime for married couples filing separately; however, it chose to keep the classification. As we have stated before: "Congress carried forward this rationale when it amended section 86 for 1994 and succeeding taxable years and established an adjusted base amount of zero for married taxpayers who file separate returns and do not live apart for the entire taxable year." Clark v. Commissioner, 76 T.C.M. (CCH) at 220. This additional legislative history

[*10] demonstrates that a rational basis continues to exist for the classifications under section 86(c)(1)(C) and (2)(C).

Lastly, Mr. Kelley's demand that his base amount be $16,000, one-half of the joint return amount, for purposes of computing his taxable Social Security benefits is not supportable. We do not have authority to disregard the express provisions of a statute enacted by Congress even where the result in a particular case may seem harsh. See Clark v. Commissioner, 76 T.C.M. (CCH) at 220.

In sum, the only issue before the Court is whether the classification under section 86(c) is unconstitutional. This Court has repeatedly found that section 86(c) is constitutional and that Congress had a rational basis in creating the classification. McAdams v. Commissioner, 118 T.C. at 379; Clark v. Commissioner, 76 T.C.M. (CCH) at 219-220. There is simply no statutory exception to the plain text of section 86(c)(1)(C) and (2)(C). See Clark v. Commissioner, 76 T.C.M. (CCH) at 219-220. Consequently, we hold that section 86 does not suffer any constitutional infirmities. See id. Therefore, this provision is constitutional and does not violate Mr. Kelley's due process and equal protection rights.

For the foregoing reasons, we sustain respondent's deficiency determination for Mr. Kelley's 2014 tax year. We have considered all arguments made by the

**[\*11]** parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.